SIMONS HARDWARE COMPANY, PLAINTIFF AND APPELLEE, *v.*
HEALY & SIEBERT, DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan in an Action
of Debt.—Change of Venue.

No. 2745.—Decided July 28, 1922.

CHANGE OF VENUE—SUBSTITUTION OF PARTIES.—When the defendant is entitled
to a change of venue to the court of his domicile, after his death his heirs
may move for and obtain the change although they may not have formally
moved to be substituted for their ancestor.

The facts are stated in the opinion.

*Mr. H. F. Besosa* for the appellee.

*Mr. J. Sabater* for the appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

The Simons Hardware Company brought an action in
the First District Court of San Juan against Healy & Sie-
bert, composed of the managing partners John J. Siebert
and John Doe, to recover a certain amount of money for
merchandise alleged to have been sold to the defendants
from March 23 to November 21 1920, payable within four
months, and payment not having been made.

Concepción Milanta Siebert entered appearance in the case
for herself and in the names of her children, who were all
minors, in order to move for a change of venue to the Dis-
trict Court of Mayagüez, and in the affidavit accompanying
the motion she stated that her husband, John Jacob Siebert,
died eight days after he had been summoned personally in
this action; that she and her children, whose names and
ages were given, were his sole heirs; that the firm of Healy
& Siebert, John Jacob Siebert and the widow and her chil-
dren had resided in the city of Mayagüez for more than
seven years; that the partnership of Healy & Siebert was
formed by her husband, John Jacob Siebert, and Archibald
L. Healy, but the latter assigned to the former his rights
in the partnership more than five years before and from
that time until his death John Jacob Siebert was the sole

owner of the assets and liabilities of the said partnership of Healy & Siebert and the only person who had carried on the business under the firm name; that after the assignment of his interests to his partner Archibald L. Healy left this Island five years ago, and that all right, title and interest in and to the partnership of Healy & Siebert passed at the death of John Jacob Siebert to his heirs. The affidavit also stated that her attorneys, to whom the case had been explained, advised her that she had a good defense, and that she entered appearance in the case in order to substitute her husband and move for a change of venue.

The plaintiff opposed the motion for change of venue, and the court overruled it on the ground that the widow and her children were not parties to the action because the substitution of the defendant had not been petitioned for, if, as alleged, Siebert died and the widow and her children were his heirs.

As the affidavit of Concepción Milanta Siebert was not contradicted by the plaintiff, and as it shows that John Jacob Siebert was summoned in this action as the managing partner of Healy & Siebert; that he died; that his widow and children were his heirs; that these persons and John Jacob Siebert and the partnership of Healy & Siebert were and had been residents of the city of Mayagüez for several years, and that John Jacob Siebert was the sole owner of the defendant firm when the obligation declared on was contracted, the conclusion is that as this is a personal action the mover is entitled to a change of venue to the District Court of Mayagüez, although there was no formal motion to substitute the deceased predecessor, for that may be made in the court of Mayagüez.

The order appealed from is reversed and the change of venue is granted.

*Reversed.*

Chief Justice Del Toro and Justices Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.